### 15632

MUCKENFUSS v. SOUTHERN TRANSPORTATION, INC.

(29 S. E. (2d), 486)

(2 cases)

October, 1943.

*Messrs. Thomas, Cain & Black,* of Columbia, S. C., Counsel for Appellant,

*Mr. J. D. Parler,* of St. George, S. C., Counsel for Respondents,

March 14, 1944.

MR. CHIEF JUSTICE BAKER delivered the unanimous Opinion of the Court:

These two actions were commenced by the respondents in the Court of Common Pleas for Dorchester County, by delivering two copies of the summons and complaints to the secretary of the Public Service Commission, who in turn transmitted copies thereof to the appellant, in accordance with the provisions of Section 8511 of the Code of 1942.

The actions were begun on September 29, 1943, seeking the recovery of damages for personal injuries and for property damage by the respective respondents, alleged to have been sustained by reason of the negligent operation on September 21, 1943, of one of appellant's trucks, a Ford truck, bearing 1943 S. C. License No. N-3187, and one Great Dane trailer, bearing S. C. License No. 8308, while being driven in Dorchester County on highway No. 178, and while

being used in appellant's business of contract carrier of freight.

The appellant promptly served a Special Appearance, reading as follows:

"The defendant above named, by its attorneys, the undersigned, appearing specially and for the sole purpose of objecting to the jurisdiction of this Court, respectfully avers that the Court has no jurisdiction of the person of the defendant and that the attempted service of process upon it was made by the delivery of copies of the summons and complaint herein to the Director of the Motor Transportation Division of the South Carolina Public Service Commission, pursuant to Section 8511, Code of Laws, 1942, inasmuch as at the time and upon the occasion referred to in said complaint the Ford truck and trailer described therein was not being operated subject to the control, supervision and regulation of the said commission, under the provisions of Chapter 162 of the Code of Laws of South Carolina, 1942, which chapter includes the section of the Code above referred to; and because at the time and on the occasion in question no certificate, pursuant to said laws, had been issued by the commission or was then in force covering the ownership and operation of said truck and trailer, and therefore the director of said commission was not qualified to be served or to accept service so as to confer jurisdiction upon the Court over the person of this defendant, and therefore such attempted service is void, ineffectual and should be held for naught."

Certain documentary evidence was submitted on behalf of the appellant and the respondents when a motion of appellant to set aside and vacate the service was heard by Honorable M. M. Mann, Judge of the First Judicial Circuit, at Chambers, St. Matthews, S. C. Judge Mann refused the motion, merely stating his opinion "that on the record, including the pleadings, together with the certificates from the Public Service Commission, a department of our State

Government, a substantial showing as to sufficient service on the defendant in this case has been made."

The sole question involved in this appeal is: Was the service of the summons and complaints as made sufficient for the Court of Common Pleas for Dorchester County to acquire jurisdiction of the person of appellant?

The appellant is a South Carolina Corporation, with its principal place of business at Barnwell, S. C. At the time of the alleged negligent operation of its truck and trailer, there was in full force and effect a class F. certificate, permitting contract hauling, which had been issued to appellant by the Public Service Commission, and appellant was engaged in the business of a contract carrier of freight. There was in force, as required by Chapter 162, Sections 8507-8530, Vol. IV of the Code of Laws of South Carolina, as amended, of motor vehicle carriers, a liability insurance policy covering the operations of appellant on file in the office of the Public Service Commission, and listed in this policy is the Ford truck which is alleged to have caused the damages to respondents. While it is more or less immaterial, the Great Dane trailer attached to the Ford truck was carrying the license tag which had been issued by the State Highway Department to appellant for a Fruehauf trailer; and the Great Dane trailer carried an ICC license number.

The appellant either negligently or intentionally failed to procure from the Public Service Commission the additional license for the operation of its Ford truck in its business as a contract carrier. Except for this fact, no question would be or could be raised as to the lawful service of the summons and complaints in the manner aforestated, thereby giving to the Court of Common Pleas for Dorchester County jurisdiction of the appellant, since it is provided in Section 8511 of the Code that "jurisdiction may be acquired by service of two copies of the summons and complaint upon the secretary of the public service commission * * *."

The constitutionality of Section 8511, authorizing action against a domestic corporation operating as a motor carrier in any county through which it operates, was upheld in *Windham v. Pace et al.*, 192 S. C., 271, 6 S. E. (2d), 270.

We are of the opinion that the appellant cannot take advantage of its failure to procure the additional license for the truck in question from the Public Service Commission, something it was required to do by the statute law of the State prior to using this truck in its business of contract carrier of freight. This is the only fact relied upon by the appellant to set aside the service of the summons in these actions, it having complied with the other requirements of Chapter 162 of the Code.

A case, which by analogy strongly supports the above-stated conclusion is *Lipe v. Carolina, C. & O. R. Co.*, 123 S. C., 515, 116 S. E., 101, 103, 30 A. L. R., 248, in which the railway company, a foreign corporation, took the position that it was not amenable to process in this State on a cause of action arising without the State because it had not appointed an agent upon whom service might be had, as required by statute. In overruling this contention, and after a discussion of the power of the State "to make the jurisdiction over the foreign corporation wide enough to include the adjudication of transitory action not arising in the state," the Court stated:

" * * * To go further and hold that, because the foreign corporation, doing business in the state through agents amendable to process, has not complied with the state laws and has not intended to subject itself to the jurisdiction of the state courts, it may not be held liable in the same manner and to the same extent as another foreign corporation legally doing a similar business, would amount to penalizing the law-abiding, foreign corporation, and placing a premium upon outlawry. * * *."

Another case, which by analogy strongly supports our conclusion is that of *Brownlee v. Charleston Motor Express Co., Inc., et al.,* 189 S. C., 204, 200 S. E., 819.

We cannot bring ourselves to the conclusion that appellant should benefit by reason of having unlawfully operated this truck in its business of contract carrier of freight.

The order appealed from is affirmed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES, TAYLOR and OXNER concur.