15999

BEHLING v. RIVERS *ET AL.*

(44 S. E. (2d) 618)

*Messrs. Waring & Brockinton,* of Charleston, and *I. Bogoslow,* of Walterboro, for Appellants,

*Messrs. Jas. Julien Bush,* of Barnwell, and *J. D. Parler,* of St. George, for Respondent,

*Messrs. Waring & Brockinton,* of Charleston, and *I. Bog-oslow,* of Walterboro, for Appellants, in reply.

October 17, 1947.

TAYLOR, J.: This action is based on damages alleged to have been inflicted to the person of the plaintiff in an automobile accident which occurred in the County of Colleton, approximately one mile from the Town of Walterboro. The action was begun and tried in the Court of Common Pleas for Dorchester County.

The defendant Rivers was the owner of a certain Chevrolet sedan automobile, it being alleged that Rivers was a common carrier for hire, doing business in the County of Dorchester under a Class C certificate issued by the South Carolina Public Service Commission. The defendant Hartford Accident and Indemnity Company was alleged to have had in force and effect at the time its policy of insurance covering the Chevrolet sedan. The trial resulted in a verdict of $5,-000.00 against the two defendants. In due course, notice of intention to appeal to this Court was given.

The appeal lists thirteen exceptions which, however, appellant states raise only eight questions, hereinafter considered *seriatim.*

The first of these questions is, in substance whether the action should have been dismissed as to the defendant Hartford Accident and Indemnity Company for the failure to allege affirmatively that the Chevrolet sedan of the defendant Rivers was being operated at the time of the accident under the provisions of the certificate issued by the South Carolina Public Service Commission. We conclude there is no merit in the exceptions which raise this question inasmuch as the ultimate facts bearing upon the matter were alleged. The complaint alleges that Rivers was a common carrier for hire, doing business in the County of

Dorchester under a Class C certificate, and that as such, he hauled and transported passengers for hire at various points within the County of Dorchester, and carried on a general transportation business of hauling passengers for hire within that county; and that the defendant Hartford Accident and Indemnity Company had in force at the time of the accident its policy of insurance which covered the Chevrolet automobile which allegedly caused the damage. The policy could not cover the Chevrolet car unless it was being operated under the Class C certificate. We think these allegations are sufficient where the motion is to dismiss.

Question 2 is as to whether the action should have been dismissed as to the defendant Hartford Accident and Indemnity Company on the ground that it was not the insurance carrier of the defendant Rivers in so far as the vehicle involved in the accident was concerned. The complaint alleges that Hartford Accident and Indemnity Company was the insurer; and, this being denied, the matter became one of fact for the jury. This question must, therefore, be answered negatively.

The third question is as to whether the Court should have ordered a change of venue from Dorchester County to Colleton County, on the ground that the defendant Rivers is a citizen and resident of Colleton County, and on the further ground that the action should have been tried in Colleton County for the convenience of witnesses and for the promotion of justice. It having been alleged that the defendant Rivers engaged in the business of transporting passengers for hire in a general way in Dorchester County, we conclude that the refusal to order a change of venue was proper. As to whether the convenience of witnesses and the promotion of justice would best be served by a change of venue, such motions are addressed to the sound discretion of the Court; and we find no abuse thereof in this instance. *Wade v. Southern Ry. Co. et al.*, 186 S. C. 265, 195 S. E. 560; *Patterson v. Charleston & W. C. Ry. Co.*, 190 S. C. 66, 1 S. E. (2d) 920.

The most emphasis is apparently laid on Question 4 which undertakes to put in issue the testimony of the witness J. I. Boykin in relating what he was told by one Levant Williams regarding his (Williams') destination. Levant Williams was the driver of the Chevrolet sedan allegedly causing the damage, and J. I. Boykin was a state highway patrolman who investigated the wreck. He testified that upon arrival at the scene, he conversed with Williams with regard to the accident, and that Williams told him, among other things, that he had a passenger for Ritter. The witness testified of his own knowledge, that Ritter was about eight miles from Walterboro, and that he likewise knew of his own knowledge that it was more than five miles from Walterboro. The contention of counsel is that the destination of the Chevrolet sedan, not being as part of the *res gestae,* what the witness Boykin had to say as to what Williams told him thereabouts was not accordingly competent.

Without expressing an opinion as to whether the matters involved were in fact a part of the *res gestae,* we believe that any doubt of the competency of the evidence complained of was cured by appellant's counsel eliciting from the witness on cross-examination the identical matter complained of. We call attention to page 64 of the Transcript, folio 255-256, wherein counsel for the defendant Rivers went into the same matter; and to page 68, folio 271, at which point during the cross-examination of the witness Boykin by counsel for the defendant Hartford Accident and Indemnity Company, the witness Boykin testified that Williams told him that he was taking a boy out to Ritter and that he had a girl with him; and again on page 69, wherein the same counsel asked the witness Boykin, "You say Williams told you he was going to Ritter? A. Yes, sir." "Q. Did he tell you who he was taking to Ritter? A. No, sir." "Q. Did he say he was being paid to go to Ritter?" etc. Under these circumstances, it is very clear that counsel for both defendants waived any doubt as to the competency of this

testimony by their own questions which brought out the very testimony about which they now complain.

The answer to Question 5, which is as to whether the Court should have dismissed the action at the conclusion of plaintiff's testimony on the ground that there was no competent proof that the automobile was being operated under a certificate of necessity, must be answered in the negative for the same reasons which apply to Question 4.

Question 6 complains that the Court should have directed a verdict for the defendants on the grounds that the only inference drawn from the evidence was that the automobile was not being operated at the time of the accident under a certificate of necessity. We do not agree with this contention, and this question is likewise answered negatively.

Question 7 raises the question that the Court should have charged the jury that it could bring in a verdict against the defendant Rivers alone without making the defendant Hartford Accident and Indemnity Company a party to the verdict. It is our opinion the record in this case discloses that the Court properly charged the jury.

Question 8 is as to whether the Court of Common Pleas for Dorchester County had jurisdiction to hear and consider the matter against the defendant Hartford Accident and Indemnity Company after that defendant had removed the case to the District Court of the United States. The Order of the Honorable J. Waites Waring, United States District Judge, remanded the case to the State Court. We are of the opinion that there is no separable controversy involved in this action and the order is therefore correct.

For the reasons stated, all exceptions are overruled, and the judgment of the trial Court affirmed.

Judgment affirmed.

BAKER, CJ., and FISHBURNE, STUKES and OXNER, JJ., concur.