16296

GRIFFIN v. RICE *ET AL.*

(57 S. E. (2d) 69)

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, and *Paul M. Arant,* of Pageland, *for Appellants,*

*Messrs. James E. Leppard, Wm. P. Gulledge and Edward M. Leppard,* all of Chesterfield, *for Respondent,* 

December 15, 1949.

OXNER, Justice.

This appeal relates solely to the question of venue. Appellants are residents of York County and are engaged in the transportation of property for compensation under a certificate issued by the South Carolina Public Service Commission. Section 8511 of the 1942 Code, after requiring every such motor carrier to procure and file with said Commission public liability and property damage insurance on the motor vehicles used in such service, provides: "That in case the owner of the operated motor carrier is a resident of the State or is a domestic corporation, action may be brought against such party in any county through which the motor carrier operated."

On February 13, 1948, there was a collision on one of the highways in Chesterfield County between an automobile owned by respondent and a truck of appellants then being used in their business as a motor carrier. Thereafter respondent, claiming that said truck was negligent and willfully operated, brought suit against appellants and their insurer to recover damages to his automobile, and against appellants alone for unlawfully seizing and removing said automobile from the scene of the accident. Both causes of action were united in one complaint which was later amended under order of Court by stating each cause of action in a separate complaint. It seems to be conceded that the venue of the action to recover damages to respondent's automobile resulting from the collision was properly laid in Chesterfield County. Appellants moved to change the venue of the action for the unlawful seizure of respondent's automobile from Chesterfield County to York County upon the ground

that they were residents of the latter county. The appeal before us is from an order refusing this motion. There were other orders in both cases growing out of certain motions made by appellants and demurrers interposed by them, but these need not be reviewed since they have no bearing on this appeal.

In the case in which change of venue was sought, respondent alleged that after his automobile was struck and disabled as a result of the collision, appellants "unlawfully seized and took from plaintiff (respondent) the possession of his said automobile and removed and carried the same to Pageland, South Carolina, and detained the possession of said automobile from plaintiff (respondent), all to his injury and damages, actual and punitive, in the sum of $5,000.00." Ordinarily a defendant in an action of this kind is entitled to trial in the county in which he resides. Section 422 of the 1942 Code. Appellants were, therefore, entitled to have the case transferred to York County unless the venue provision contained in Section 8511 applies.

The Court below refused the motion for a change of venue on the authority of *Windham v. Pace et al.,* 192 S. C. 271, 6 S. E. (2d) 270, 276. In that case a truck of a motor carrier, while engaged in the transportation of freight, was forced to park on a public highway in Dorchester County on account of tire trouble. As the manager of the Charleston office of the motor carrier was transporting a wheel and a tire to be used on the disabled motor truck, his automobile collided with another vehicle on a highway in Dorchester County. The occupants of the latter vehicle instituted suit in Dorchester County against the motor carrier and the manager of its Charleston office to recover damages for personal injuries sustained by them as a result of said collision. The two defendants moved to change the place of trial to Charleston County. The plaintiffs contended, and the Court below held, that the venue was properly laid in Dorchester County under Section 8511 on the theory that the

duty being performed by the manager at the time of the accident was directly related to the business of transporting freight on the public highway. On appeal from the order refusing their motion to change the venue, the defendant motor carrier contended that the venue provision of Section 8511 should be confined to actions growing out of the operation of a motor truck used in the transportation of freight. The Court rejected this contention and in holding that Section 8511 authorized the trial of the actions in Dorchester County, said that, "it was the legislative intention to make Section 8511 applicable to actions arising out of the general operation of motor carrier lines, as distinguished from the operation of the individual trucks or buses used in the carrier service."

We agree with the Court below that the question before us is controlled by our decision in *Windham v. Pace, supra.* In that case, as in the instant case, the damages sought to be recovered were not caused by the operation of the motor truck but did arise out of the general operation of the motor carrier line. It is reasonable to infer that respondent's automobile was seized and detained so as to make it easily available for attachment in an action by appellants to recover damages to their truck. This conduct on the part of appellants was directly related to their business as a motor carrier.

Our attention is called in appellants' brief to a ruling made by Judge Lewis in a case brought by them against respondent to recover damages to the truck, which counsel for appellants say cannot be reconciled with the view taken by Judge Lewis in the order appealed from. The proceedings in the other action cannot be considered because they are not incorporated in the transcript of record. Moreover, the fact that a ruling inconsistent with that now being reviewed may have been made by the trial Judge in some other case cannot properly be considered by us in the determination of the question involved on this appeal.

The order appealed from is affirmed.

FISHBURNE, STUKES and TAYLOR, JJ., concur.

BAKER, C. J., dissents.

BAKER, Chief Justice (dissenting).

It is always with regret that I write a dissenting opinion, but the instant case is so clearly distinguishable from the cases relied upon in the majority opinion, I feel it my duty to do so.

In the cases of *Windham v. Pace et al.,* 192 S. C. 271, 6 S. E. (2d) 270, 272, relied upon in the majority opinion, the actions were for personal injuries, brought in Dorchester County by residents of that County, against a foreign motor carrier and the manager of its Charleston office, a resident of Charleston County, said injuries having been inflicted in a collision between an automobile driven by said manager and one in which plaintiffs were riding, which occurred on a public highway in Dorchester County. A truck of the motor carrier defendant had become disabled, while transporting freight through said County, and the manager was en route from the Charleston office to the disabled truck, transporting a wheel and tire to be put on said disabled truck, so it could proceed on its way. The Circuit Judge ruled that the venue was properly laid in Dorchester County, under Section 8511 of the Code, because the duty being performed by Pace, the agent of the corporate defendant at the time of the accident, "was directly related to its business of carrying freight on the public highway", and because Pace had general supervision and control of trucks transporting freight operating from the Charleston office. The facts upon which the foregoing conclusion rested were not in dispute. The main contention, other than the constitutionality of the Act, was that its application was limited to accidents resulting from the operation of the motor trucks, and should not be extended to an action arising from the general conduct of the corporate defendant's business as a motor carrier. This Court held that the declared purpose of the Act gave aid to its construction that it relates "to the general busi-

ness of a carrier of persons and property upon the public highways," and that it was applicable to actions arising out of the general operation of motor carriers "as distinguished from the operation of the individual trucks or buses used in the carrier service." There is no fault to be found with this conclusion.

A brief analysis of the amended complaint in this action, the allegations of which are the sole basis for granting or refusing the motion of appellants to transfer the case to York County, of which they are residents, is necessary to an understanding of the issue. It is alleged that appellants, at the times mentioned, were a motor vehicle carrier under Chapter 162, Code of Laws, S. C. Vol. 4, of which Section 8511 is a part, and were subject to suit in Chesterfield County. The remainder of the complaint being brief, is quoted:

"II. That heretofore and on or about the 13th day of February, 1948, an automobile of plaintiff while being driven on South Carolina Highway No. 9 about one mile west of the Town of Mt. Croghan in Chesterfield County, South Carolina, was struck, crashed, demoslished and disabled by a motor truck of the defendants, Bernard E. Rice and James T. Wolfe as co-partners in trade under the firm name and style of Rice Transfer Co. That while said automobile of plaintiff was so disabled on said highway, said defendants, Bernard E. Rice and James T. Wolfe as co-partners in trade under the firm name and style of Rice Transfer Co., unlawfully seized and took from plaintiff the possession of his said automobile and removed and carried the same to Pageland, South Carolina, and detained the possession of said automobile from plaintiff, all to his injury and damages, actual and punitive, in the sum of Five Thousand Dollars ($5,000.00).

"III. That at the time of said collision, as aforesaid, said motor truck of the defendants was engaged in the transporta-

tion of commodities as a motor vehicle carrier under the laws of the State of South Carolina."

This is all that is alleged, and it falls far short of allegations of fact showing that the alleged conversion of respondent's automobile grew out of, or related to, the general operations of the appellants as a motor carrier upon the public highways of this State. The amended complaint is devoid of any allegations of fact connecting the alleged unlawful seizure of his automobile with the operations of appellants as a motor carrier. The fact that they are engaged as a motor carrier and that one of their trucks was in a collision with the automobile of respondent cannot be stretched to make a seizure of respondent's automobile a part of their motor carrier operation. It is not seen wherein the situation presented would have been different had it simply been alleged that they are a motor carrier and that they seized and converted appellant's automobile.