17087

PACKET DELIVERY COMPANY, a corporation, Appellant, v. STATE MOTOR LINES, a corporation, Respondent. LEROY KENNEDY, Appellant, v. STATE MOTOR LINES, a corporation, Respondent

(89 S. E. (2d) 922)

*Messrs. Waring & Brockinton,* of Charleston, *for Appellant,*

*Edward E. Saleeby, Esq.,* of Hartsville, *for Respondent,*

November 15, 1955.

STUKES, Justice.

These two companion cases were argued as one and this judgment will dispose of the appeals in both. They involve the single, narrow issue of whether a motor freight carrier which is licensed by the State under Sections 58-1401 *et seq.* of the Code of 1952 may be sued in the county of plaintiff's residence, in which the carrier is licensed to, and does in fact, operate as a carrier, upon a cause of action which arose from its operations in a county other than that wherein the principal place of business (residence) of the carrier is located and other than that in which the action is brought.

The pertinent venue statute is Section 58-1470, as follows: "An action may be brought against a motor carrier licensed under article 3 of this chapter in any county through which the motor carrier operated."

The relevant facts alleged in the complaint here are that the plaintiffs are residents of Charleston County where they brought their actions for damages suffered when their motor vehicle was in collision with a carried truck (tractor semi-trailer) of the defendant on a highway in Williamsburg County.

On defendant-carrier's motion and showing that its principal place of business is in Darlington County and it has

no place of business, property or agent in Charleston County, the hearing judge ordered the cases transferred from the Court of Common Pleas of Charleston County to the Court of Common Pleas of Darlington County, and plaintiffs appealed. The carrier was engaged in the transportation of freight from the city of Charleston in Charleston County, and therefore operated through that county (paraphrasing the statute, *supra*).

That an action may be maintained under such circumstances, by virtue of the statute, in the county wherein the cause arose, regardless of the residence of the carrier, was settled by the leading case of *Windham v. Pace,* 192 S. C. 271, 6 S. E. (2d) 270. And see the later cases of *Muckenfuss v. Southern Transportation, Inc.,* 204 S. C. 369, 29 S. E. (2d) 486, and *Griffin v. Rice,* 216 S. C. 160, 57 S. E. (2d) 69. It was said in the *Muckenfuss case* [204 S. C. 369, 29 S. E. (2d) 487]: "The constitutionality of [the statute] authorizing action against a domestic corporation operating as a motor carrier in any county through which it operates, was upheld in *Windham v. Pace."*

In all of the cases just cited the causes of action arose in the counties in which the actions were maintained; but that was not the *ratio decidendi.* The latter was the fact that the carriers operated in the forum counties. And that is what the statute plainly and unequivocally provides—"An action may be brought against a motor carrier * * * in any county through which the motor carrier operated." As was said in *Windham v. Pace, supra,* there is no room for (other) construction; it is entirely unambiguous.

The reason for the legislation was discussed in the opinion in *Windham v. Pace* and it was said that it was doubtless that those sustaining injuries from the operation of motor vehicles loaded with freight on the highways should not be forced to a remote forum for the trial of their actions and doubtless, too, the legislature had in mind considerations of convenience and economy for those who might

be plaintiffs in such actions. These considerations are applicable to the facts of the cases at bar. It is doubtless more convenient and more economical for plaintiffs to prosecute their actions in the county of their residence than in Williamsburg County, where the collision occurred, or in Darlington County.

In *Behling v. Rivers,* 211 S. C. 269, 44 S. E. (2d) 618, venue in Dorchester County was upheld of an action brought there against a motor carrier defendant, on account of an accident which occurred in Colleton County, for the reason that the carrier operated in Dorchester County. The defendant carrier, who was an individual, was a resident of Colleton County. It does not expressly appear in the opinion, but it is fairly inferable that the plaintiff was a resident of the forum county of Dorchester. The authority of that case is conclusive of these.

Statutes similar to our Code, Sec. 58-1470 are common in other States. In discussing special venue statutes applicable to motor vehicles, it is said in 5 Am. Jur. 829, Automobiles, Sec. 588, that there are statutes relating to motor transportation companies which permit an action for injury to person or property by a common carrier bus or trucking company to be brought in any county on the road or line where service of process can be obtained on a driver. *Schwarting v. Ogram,* 123 Neb. 76, 242 N. W. 273, 81 A. L. R. 769. In *Allen v. Smith,* 84 Ohio St. 283, 95 N. E. 829, Ann. Cas. 1912C, 611, the statute (which was upheld against constitutional attack, as ours was in *Windham v. Pace*) provided that one injured by an automobile negligently operated by the owner could sue the latter in the county of plaintiff's residence, regardless of that of the defendant.

The following is from 61 C. J. S., Motor Vehicles, § 498, p. 142: "Specific statutory provisions governing the venue of actions against motor carriers control and supersede any general rules of statutory provisions as to venue. Un-

der some provisions the action may be brought in any county where the action could be brought if defendant were a railroad corporation being sued on a like cause of action. Others permit the action to be brought in any county in which any part of the motor transportation line or route may be." And from page 140: "In the absence of a constitutional prohibition, the venue of actions for injuries caused by the operation of motor vehicles may be regulated by specific statutory provisions, and such provisions control and supersede any general rules or statutory provisions as to venue that might otherwise be applicable, and being remedial in character, should be construed and applied with liberality in order to accomplish their clear and obvious purpose."

The orders are reversed and the cases remanded.

TAYLOR, OXNER and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.