17102

ELBERT BEARD, Respondent, v. BILLUPS PETROLEUM COMPANY OF S. C., Appellant

(90 S. E. (2d) 685)

482

*Messrs. Williams & Busbee,* of Aiken, *for Appellant,*

*Messrs. Poliakoff & Poliakoff,* of Aiken, and *Watson, Funderburk & McGuinn,* of Columbia, *for Respondents,*

January 3, 1956.

J. Woodrow Lewis, Acting Associate Justice.

This is an appeal from an order of the Circuit Court, Richland County, denying a motion of the defendant-appellant for an order changing the place of trial of this action from Richland County, where it was instituted, to Aiken County on the ground that the convenience of witnesses and ends of justice would be promoted by the change. Section 10-310(3), 1952 Code of Laws.

The action is for alleged malicious prosecution and false imprisonment, and arose in Aiken County. The defendant corporation is admittedly subject to suit in this case in either Aiken or Richland County at the election of the plaintiff, subject to the power of the court to change the venue.

The facts pertinent to this appeal are not in dispute. The plaintiff-respondent is a resident of Aiken County, and all witnesses for both plaintiff and defendant reside in Aiken County, distances of approximately 60 to 75 miles from the courthouse in Richland County and from 10 to 15 miles from the Aiken courthouse, except one witness who lives in the State of Florida.

The record further discloses that under usual circumstances a trial of the case can be had several months earlier in Richland County than in Aiken County.

Section 10-310(3), *supra,* requires the moving party under motions of this kind to show both that the convenience of witnesses *and* the ends of justice would be promoted by the change.

We have held that it was in promotion of the ends of justice to have a jury of the vicinage pass upon the credibility of the witnesses, and where there is a showing of convenience of witnesses, as here, such constitutes a *prima facie* showing that the ends of justice would be promoted by the change. *Utsey v. Charleston, S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141; *Gregory v. Powell,* 206 S. C. 261, 33 S. E. (2d) 629; *Smith v. Atlantic Coast Line Railroad Company,* 218 S. C. 481, 63 S. E. (2d) 311. Under the facts of this case the moving party clearly met the requirements of the statute, both as to convenience of witnesses and promotion of the ends of justice. The Circuit Court, while recognizing the foregoing, held that the showing that an earlier trial could be obtained in Richland County than in Aiken County was sufficient to rebut the *prima facie* showing of the appellant as to the requirement of the statute in regard to the promotion of the ends of justice, and solely upon that ground refused the motion for a change of venue.

"It is well settled that a motion of this kind is addressed to the sound judicial discretion of the Circuit Judge, whose ruling will not be disturbed by this Court except in case of manifest error. But such a de-

cision will be reversed where it appears that the conclusion drawn by the Court below from the facts presented is manifestly erroneous." *Becker v. Uhe,* 221 S. C. 334, 70 S. E. (2d) 346, 348.

Under the facts of this case, we think the Circuit Court committed error. Upon similar facts the same conclusion was reached in the case of *Becker v. Uhe, supra.* We do not think the contention that an earlier trial can be obtained in Richland County is substantial enough to overcome the strong prima facie showing by appellant. While the ends of justice may be promoted by a speedy trial, the facts here do not warrant giving to such fact controlling effect as was done by the court below.

The order appealed from is reversed and the case is remanded for entry of order changing the venue in conformity with this opinion.

STUKES, TAYLOR, OXNER and LEGGE, JJ., concur.