18557

Margaret H. MORSE, as Administratrix of the Estate of James I. Holloman, Respondent, v. MOORE SAND AND GRAVEL CO., Inc., Appellant.

(149 S. E. (2d) 907)

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Appellant,*

*Messrs. E. Pickens Rish* and *A. Frank Lever, Jr.,* of Lexington, *for Respondent,*

August 29, 1966.

BUSSEY, Justice.

Defendant-appellant is a South Carolina corporation, with its principal office and place of business at Lake City, in Florence County, South Carolina. Appellant is a motor vehicle carrier as defined in Sec. 58-1401 of the 1962 Code of Laws, holding a certificate from the South Carolina Public Service Commission authorizing it to transport, as a motor vehicle carrier, *inter alia,* sand, gravel, crushed stone, etc. from points and places in Lexington County to various other points and places in several other counties. Appellant's corporate charter authorizes it, among other things, "to handle and deal in sand, gravel, building materials and supplies". The extent to which it engages therein is not reflected by the record.

On May 30, 1963, plaintiff's intestate came to his death as a result of being buried beneath a load of gravel when a tractor and trailer owned and operated by the appellant overturned while traveling through the town of Cayce, in Lexington County. Both the tractor and trailer were licensed by the Public Service Commission. Actions for wrongful death and conscious pain and suffering were instituted by the respondent-administratrix against appellant in the Court of Common Pleas for Lexington County, and services of the summonses and complaints were made upon the secretary of the Public Service Commission pursuant to Sec. 10-430 of the 1962 Code of Laws, which reads as follows: "Service on motor vehicle carriers.—If the defendant be a motor vehicle carrier, as defined in Sec. 58-1401, jurisdiction may be acquired by service of two copies of the summons and complaint upon the secretary of the Public Service Commission, who shall forthwith transmit one copy by mail to the last-known address of the defendant or one of the defendants if there be more than one."

Appellant moved to vacate the aforesaid services on the ground that the load of gravel on the trailer at the time of the fatal accident was the property of the appellant and was not being hauled pursuant to any contract or arrangement for hire of any person, and was being transported solely for the exclusive benefit of the appellant, the transportation thereof being unrelated to appellant's business as a licensed motor vehicle carrier. Appellant's motion was supported by an affidavit of its president, to the effect that the cargo of gravel was the property of appellant, and that such was being transported pursuant to a purchase order from the South Carolina Highway Department for such material. Since the identical question was involved in both cases, the circuit judge, in a single order, overruled the motions of the appellant.

The determination of whether the circuit judge was correct in overruling appellant's motions involves consideration

not only of Sec. 10-430, above quoted, but Sec. 58-1470 of the 1962 Code, which reads as follows:

"Where actions against carriers may be brought.—An action may be brought against a motor carrier licensed under article 3 of this chapter in any county through which the motor carrier operated."

These two Code sections are in *pari materia*. Although several times amended, both Code sections had their genesis in the same act of the General Assembly, Act No. 170, of the 1925 Acts of the General Assembly of South Carolina, page 252. In the original act, what is now Sec. 10-430 was a proviso immediately following what has now become Sec. 58-1470. The history of the two sections, we think, makes it clear that the service of process in the instant actions was properly made under the provisions of Sec. 10-430, if under Sec. 58-1470 the venue of the actions was properly in Lexington County.

While we have not heretofore had before us the precise issue raised by the appellant, the court has had occasion to consider both of the aforesaid Code sections, and more frequently Sec. 58-1470. In the case of *Windham v. Pace,* 192 S. C. 271, 6 S. E. (2d) 270, the court discussed the history of Sec. 58-1470 and the legislative reasons for its enactment. In the somewhat later case of *Packet Delivery Co. v. State Motor Lines,* 228 S. C. 336, 89 S. E. (2d) 922, the court again dealt with the reasons for the enactment of Sec. 58-1470, and reviewed a number of decisions dealing therewith. In *Windham* it was said that there was, "* * * no room for argument that it was the legislative intention to make Section 8511 (now 58-1470) applicable to actions arising out of the general operation of motor carrier lines, as distinguished from the operation of the individual trucks or buses used in the carrier service."

In *Packet* it was said,

"In all of the cases just cited the causes of action arose in the counties in which the actions were maintained; but

that was not the ratio *decidendi.* The latter was the fact that the carriers operated in the forum counties. And that is what the statute plainly and unequivocally provides—'An action may be brought against a motor carrier * * * in any county through which the motor carrier operated.' As was said in *Windham v. Pace, supra,* there is no room for (other) construction; it is entirely unambiguous.

"The reason for the legislation was discussed in the opinion in *Windham v. Pace* and it was said that it was doubtless that those sustaining injuries from the operation of motor vehicles loaded with freight on the highways should not be forced to a remote forum for the trial of their actions and doubtless, too, the legislature had in mind considerations of convenience and economy for those who might be plaintiffs in such actions."

The court quoted with approval from 67 C. J. S. Motor Vehicles § 498, page 140,

"In the absence of a constitutional prohibition, the venue of actions for injuries caused by the operation of motor vehicles may be regulated by specific statutory provisions, and such provisions control and supersede any general rules or statutory provisions as to venue that might otherwise be applicable, and being remedial in character, should be construed and applied with liberality in order to accomplish their clear and obvious purpose."

In the instant cases, but for the asserted fact that the cargo of gravel was the property of the appellant, there is no question that the venue of the actions is properly in Lexington County, under the provisions of Sec. 58-1470. Despite such asserted fact, we think that under the clear, unequivocal and unambiguous language of Sec. 58-1470, the actions were properly brought in Lexington County. Even if the statute were susceptible of any other construction, it being remedial in character, it should be construed and applied with liberality in order to accomplish the clear and obvious purpose of the statute.

The appellant is a duly licensed motor vehicle carrier; licensed to operate in Lexington County and to transport therein the commodity which was being hauled at the time of the fatal accident. The equipment involved was licensed for use by the appellant as such carrier. The fact that the cargo happened to be the property of the carrier lessened neither the peril to plaintiff's intestate, nor the inconvenience and expense to his representative of prosecuting the actions in a remote forum.

To permit a carrier, under these circumstances, to avoid suit in a county in which it is licensed to operate, and does operate as such carrier, by asserting that it was not at the moment of a particular accident hauling any cargo for hire, would tend to invite fraud and to defeat the clear and obvious legislative purpose. If venue, or jurisdiction, under the statute could be defeated because, perchance, the cargo happened to be the property of the carrier, rather than the property of some other shipper, it would be quite as logical to hold that jurisdiction would be defeated because at the moment of a given collision the vehicle was not loaded at all. Had the legislature intended to exempt carriers from the provisions of the act under any such circumstances, it could easily have done so. Under the plain and unambiguous language of the statute, we think it clear that it did not so intend. It is our conclusion that the lower court correctly overruled appellant's motions. The judgment below is, accordingly,

Affirmed.

Moss, C. J., LEWIS and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting Associate Justice, concur.