## 19641

Muriel B. MIXSON, as Administratrix of the Estate of Otis E. Mixson, Respondent, v. AGRICULTURAL HELICOPTERS, INC., and James Grady Kearse, Appellants, and Salkehatchie Grain and Fertillizer Company, Inc., Respondent, Ex Parte INTERNATIONAL MINERALS AND CHEMICAL COMPANY, INC., Appellant.

(197 S. E. (2d) 663)

*Messrs. Buist, Moore, Smyth & McGee,* Charleston, *O. Harry Bozardt, Jr.,* and *C. Walker Limehouse,* Orangeburg, *Kearse, Kemp & Rhoad,* Bamberg, and *Young, Clement & Rivers,* of Charleston, *for Appellants,* 

*Messrs. Murdaugh, Eltzroth & Peters,* of Hampton, and *Lawton & Myrick,* of Allendale, *for Respondents,* 

534

June 19, 1973.

LEWIS, Justice:

This is an appeal from an order granting the motion of plaintiff-respondent for a change of venue of this action from Allendale to Hampton County upon the ground that the convenience of the witnesses and the ends of justice would be promoted by the change.

This action was brought to recover for the wrongful death of respondent's intestate, Otis E. Mixson, who was killed in the crash of a helicopter in which he was a passenger. It was alleged that the helicopter was owned by appellant, Agricultural Helicopters, Inc., a resident of Calhoun County; was piloted by appellant, James Grady Kearse, a resident of Barnwell County; and was being used in the performance of a contract for the spraying of crops. It was further alleged that the contract was arranged by defendant Salkehatchie Grain and Fertilizer Company, Inc., a resident of Allendale County, and appellant, International Minerals and Chemicals Company, a foreign corporation, the latter authorized to do business in South Carolina. The crash of the helicopter occurred in Hampton County where appellants were engaged in the performance of the contract.

Appellant, International Minerals and Chemicals Company, was not a party to the action at the time of the issuance of the order under appeal, but was subsequently made a party through the service upon it of an amended complaint.

The action was instituted in Allendale County, the residence of Salkehatchie Grain and Fertilizer Company, Inc. Appellants, Argicultural Helicopters, Inc., and Kearse, have appealed from the order granting the change of venue to Hampton County; but Salkehatchie, the only resident of Allendale County, where the action was brought, has not appealed. The only question presented by the exceptions of these appellants is whether the trial judge abused his discretion in granting the motion.

The present motion was made under Section 10-310(3) which provides that a change of venue may be granted "when the convenience of the witnesses and the ends of justice would be promoted by the change."

We have on numerous occasions pointed out that a movant under the above section has the burden of making a *prima facie* showing that *both* the convenience of the witnesses and the ends of justice will be promoted by the change; and upon such showing, the burden shifts to the party resisting the motion to overcome it as to at least one of these requirements. An application for a change of venue upon such grounds is addressed to the sound discretion of the judge who hears it, and his decision will not be disturbed except upon a clear showing of abuse of discretion amounting to a manifest error of law. *Miller v. Miller,* 248 S. C. 125, 149 S. E. (2d) 336; *Bouvy v. N. W. White & Company,* 254 S. C. 164, 174 S. E. (2d) 347.

It is essential to the support of a motion for a change of venue, based upon the present grounds, to establish by competent evidence the existence of both conditions; and the movant cannot rely merely on the beliefs, opinions, and conclusions of the witnesses. *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 828; *Adams v. Fripp,* 108 S. C. 234, 94 S. E. 109.

The distance from Allendale, where the action was brought, to Hampton, to which the venue was changed, is a distance of only sixteen miles. The scene of the helicopter

crash was near Brunson, approximately thirteen miles from Allendale and six miles from Hampton.

The parties submitted the affidavits of numerous witnesses. Those of respondent were residents of Hampton County, a majority of whom reside near Brunson about six miles from Hampton and twelve from Allendale. The affidavits stated, without further explanation, that it would be more convenient for them to attend court in Hampton than in Allendale.

The record contains no explanation as to why it would be more convenient for the witnesses to testify in Hampton than in Allendale. Under the present circumstances, the statements of the witnesses amounted to nothing more than their conclusions. While ordinarily the necessity to travel a greater distance would sustain an inference of inconvenience, in view of the short distance here involved and the quick facility of modern travel, the mere statement of the witnesses, without further explanation, that it would be more convenient for them to testify in the Hampton County Courthouse than in the Allendale Courthouse, only sixteen (16) miles away, amounts to nothing more than a conclusion of the witnesses and is of no probative value in determining the issue of convenience.

Since there was a total absence of any factual showing that the convenience of the material witnesses would be promoted by the change, the trial judge abused his discretion in granting the change of venue from Allendale to Hampton County.

As previously pointed out, appellant, International Minerals and Chemicals Company, Inc., was not made a party to this action until after the issuance of the order under appeal. It asserts a right to participate in this appeal under an order of the lower court purporting to permit it to do so. The sole contention of International is that its late joinder as a party deprived it of a right to appear in opposition to the

motion for a change of venue. Since the order under appeal is reversed, International's contention need not be considered.

Reversed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.