19935

James H. GARRETT, Respondent, v. PACKET MOTOR EXPRESS COMPANY, INC., Appellant

(210 S. E. (2d) 912)

*Messrs. Buist, Moore, Smythe & McGee,* of Charleston, *for Appellant,*

*Gerald C. Smoak, Esq.,* of *Smoak, Howell, Bridge & Moody,* Walterboro, *for Respondent,* ▇▇▇▇▇▇

January 6, 1975.

NESS, Acting Associate Justice:

This is an appeal by defendant-appellant from an order denying its motion for change of venue from Colleton County to Charleston County on the grounds of the convenience of witnesses and that the ends of justice would be promoted by the change. The sole question presented is whether the trial court's ruling constituted an abuse of discretion.

The cause was properly instituted in Colleton County under Section 58-1470 of the 1962 Code of Laws of South Carolina. *Morse v. Moore Sand and Gravel Company,* 248 S. C. 380, 149 S. E. (2d) 907. This did not, however, prevent defendant from seeking a removal for the convenience of witnesses. Section 10-310 of Code; *Bouvy v. N. W. White & Company,* 254 S. C. 164, 174 S. E. (2d) 347. Whether the motion to remove should be granted was a matter in the discretion of the court.

The action arose from a collision between two vehicles both proceeding in a southerly direction on U. S. Highway

17 in Charleston County. Upon the hearing of the motion, all of the records, papers and affidavits were received from which the court had before it, not only a clear conception of all the issues raised by the pleadings, but also such evidence as was presented, by the affidavits, from which the court might reasonably determine whether or not the motion for change of venue was seasonably made.

The defendant asserts that the conclusion of the trial court constituted an abuse of discretion, contending that the affidavits submitted by it made out a *prima facie* showing, and the plaintiff's showing was not sufficient to rebut it. The short answer to this is that the trial judge after reading the affidavits and considering arguments of counsel concluded that they were insufficient to establish *prima facie* that the convenience of the witnesses would be promoted. To examine the possibility of abuse of discretion we look at the information the judge had at the hearing which consisted of ten affidavits, five of which were from purported eye witnesses each of whom stated "was an actual witness to the accident", but did not say from what vantage point, whether they viewed the accident or can throw any real light on the cause of the collision. In fact one of these affidavits, that of Eli Brown, was contradicted by an affidavit which he gave to the respondent in which he stated that he did not see the accident but saw the turn signals on the truck and that it would be just as easy for him to attend trial in one county as the other. All five of these affidavits are stereotyped, the only material change being the names of the affiant. Three affidavits were from doctors all of whom plaintiff-respondent's attorney indicated would probably not have to appear in person at trial in any event. The next affidavit was from the driver of the defendant's truck who also only states that he was the driver of the truck and does not reveal any facts to which he could testify. The last affidavit is that of an attorney for the defendant who recited that he investigated the accident scene and talked to all of the witnesses and that they were each located at vantage

points near the accident scene, such that their testimony becomes of critical importance to the defense, but fails to state what these witnesses would testify to if called. He also concluded that it is of critical importance that a jury view of the scene be had and anticipates so moving before the trial judge.

The plaintiff-respondent submitted five affidavits, one that of a photographer who took pictures of the scene and of the vehicles involved and who contends that it would be more convenient for him to testify in Colleton County. Plaintiff also submitted the affidavit of the witness Eli Brown heretofore referred to, the affidavits of two doctors who testified that they were material witnesses who treated the plaintiff and who could testify just as easily in Colleton County as in Charleston County and the affidavit of the attorney for the plaintiff.

We held in *Mixson v. Agricultural Helicopters, Inc.,* 260 S. C. 532, 535, 197 S. E. (2d) 663 that " . . .; and the movant cannot rely merely on the beliefs, opinions, and conclusions of the witnesses." Here we do not have a single affidavit which states any concrete facts as to what the witness would testify. The affidavits state, without any explanation, that they were a witness and that it would be inconvenient to travel to Walterboro. An analysis of these statements reveals nothing more than their conclusions. The distance of travel, without further explanation, is of no probative significance in determining the issue of convenience.

It is not only necessary that the convenience of witnesses be promoted but equally essential that the "ends of justice" be promoted before the court is justified in granting the motion. The burden of proving both of these conditions is necessarily on the moving party. *Cantey v. Coates,* 262 S. C. 259, 203 S. E. (2d) 673.

The affidavits of appellant all relate to "convenience of witnesses". None of the affidavits refer to the "ends of justice" being promoted by the change of

venue. We conclude that the trial court could have properly denied the motion upon the ground that there was no showing that the ends of justice would be promoted by the requested change. *Bouvy v. N. W. White & Co., supra.*

The other issues relate to the status of the dockets in each county and the possible desirability of inspection by the trial jury of the scene of the collision. It is not necessary to consider either of these contentions as they pertain to the requirement of the promotion of the ends of justice. *Beard v. Billups Petroleum Co.,* 228 S. C. 481, 90 S. E. (2d) 685; *Gregory v. Powell,* 206 S. C. 261, 33 S. E. (2d) 629; *Wilson v. Southern Furniture Company,* 224 S. C. 281, 285, 78 S. E. (2d) 890. However, we find them to be without merit under the circumstances of this case.

An examination of the affidavits filed herein and the entire record viewed in the light of the rules stated in the cases cited impels the conclusion that it cannot be said as a matter of law that the trial court abused its discretion in denying defendant's motion.

Affirmed.

Moss, C. J. and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.