## 20812

Heusie F. ARLEDGE, Respondent, v. COLONIAL OIL INDUSTRIES, INC., Appellant.

(249 S.E. (2d) 740)

*James W. Alford* of *Alford & Johnson,* Columbia, *for appellant.*

*Randolph Murdaugh, III* of *Murdaugh, Peters & Murdaugh,* Hampton, *for respondent.*

November 20, 1978.

LEWIS, Chief Justice:

The accident, out of which this action arose, occurred in the Town of Estill, Hampton County, South Carolina. The action was brought in Greenville County, the residence of the corporate defendant. This motion was then made to change the venue from Greenville County to Hampton County where the accident occurred and where apparently all of the witnesses reside, except the driver of the appellant's truck.

The respondent-movant submitted several affidavits of prospective witnesses to sustain his motion. The witness Brown, according to his affidavit, was the only eye-witness to the accident other than the drivers of the vehicles involved.

He states that he has no transportation and is financially unable to travel to Greenville which is approximately 175 miles from Estill where he resides; while it is only 13 miles from his home to the Hampton Courthouse.

The affidavits of two doctors, who treated respondent for the injuries received in the accident, state that each practices alone, and it would create a hardship on them and their patients to be away for the time required to travel 175 miles to Greenville to testify. Both doctors live near Hampton, one about a mile from the Hampton County Courthouse and the other about 15 miles away.

The witness Toones resides in Estill about 15 miles from Hampton and he made an estimate of the damage to respondent's automobile. His affidavit shows that he operates an automobile body shop and estimated the damages to respondent's vehicle at $883.66. He states that the additional expense in traveling and longer absence from his business, which would be necessitated by traveling to Greenville to testify, would cause inconvenience to him.

The affidavit of the chief of police of Estill states that he investigated the accident. He states further that a trial in Hampton, about 15 miles away, would cause him to lose less time from his duties since he could be called to testify on short notice.

There were also submitted the affidavits of two witnesses who reside near the Hampton County Courthouse and state that, because of their employment and the short distance to Hampton, a trial in Hampton would cause a minimal interference with their work. These witnesses would testify concerning the issue of damages to respondent.

The only affidavit submitted by appellant was that of its truck driver who states that he can testify to the events of the accident, that he resides near the City of Greenville, and could more conveniently attend trial in Greenville.

The sole issue here is whether the trial judge abused his discretion in changing venue from Greenville County to Hampton.

The affidavits of all witnesses presented by respondent state the basis of their claims that attendance at a trial in Greenville, 175 miles away, would be inconvenient to them. We are not here dealing with a very short distance, as in *Mixson v. Agricultural Helicopters, Inc.,* 260 S. C. 532, 197 S. E. (2d) 663, where it became most relevant that witnesses give some concrete reason why it would be more inconvenient for them to travel an additional distance of six to sixteen miles. As stated in *Mixson,* "ordinarily the necessity to travel a greater distance would sustain an inference of inconvenience." It would amount to a complete indifference to common, everyday experience to hold that no inference of inconvenience would arise from the necessity to travel 175 miles instead of fifteen. In addition, however, each affidavit of the witnesses gave the reason for their claimed inconvenience. Inconvenience of the witnesses is so conclusively established in this case as to leave little, if any, doubt as to the correctness of the trial judge's decision on that issue.

The record also amply sustains the conclusion of the trial judge that the ends of justice will be promoted by the change of venue to Hampton County.

It is argued that the affidavits of the witnesses should be disregarded because they contain only conclusions and opinions. On the contrary, however, the statements of the witness Brown, that he was an eyewitness to the accident, and those of the doctors, that they treated respondent for his injuries, are not generalities, conclusions, and opinions. Rather they are specific and clear statements of the witnesses and show that they were in a position to testify as to the relevant and material facts in issue. It is difficult to conceive of a more material witness to an automobile accident than one who saw it happen; nor a more material witness to the extent of the injuries sustained than the doctor who treated respondent for such injuries. The witness who estimated the damages to the respondent's automobile is, of course, a material witness. Assuming that portions of the testimony of the investigating officer would be inadmissible, the fact that he investigated the

accident afforded a reasonable basis for the trial judge to conclude that he was a material witness.

The purpose of requiring affidavits to state more than the opinions or conclusions of the witness is to establish the materiality of his or her testimony, and not to show the details of the testimony to be given.

It is undisputed in this case that every material witness resides within fifteen (15) miles from the Hampton County Courthouse, except the driver of appellant's truck; and that the change of venue would serve their convenience.

■■ In determining whether the ends of justice would be promoted by the change, the importance of having a jury from the same vicinage as the witnesses to pass upon their credibility is a factor to be considered. *Simmons v. Cohen,* 227 S. C. 606, 88 S. E. (2d) 679; *Bryan v. Ross,* 236 S. C. 299, 114 S. E. (2d) 97; *Bouvy v. N. W. White and Company,* 254 S. C. 164, 174 S. E. (2d) 347. The trial judge considered this factor, and there is nothing to warrant the conclusion that he abused his discretion in finding that the ends of justice would be promoted by the change.

The reliance upon *Garrett* to sustain reversal in this case is misplaced. The court, in *Garrett,* reviewed the record to determine whether the trial judge abused his discretion in refusing a motion for change of venue. The insufficiency of the affidavits of the movant, when considered in the light of the opposing affidavits, sustained the exercise of the court's discretion. This is the sole authority of *Garrett.*

Judgment affirmed.

RHODES and GREGORY, JJ., concur.

LITTLEJOHN and NESS, JJ., dissent.

LITTLEJOHN, Justice (dissenting) :

I respectfully dissent and would reverse the lower court.

At the hearing the court had before it eight affidavits on behalf of the plaintiff, one of which (by the clerk of court) was properly ignored. The defendant submitted one affidavit.

The seven affidavits relied upon by the judge are stereotype in nature, stating that it is about 175 miles from their homes to Greenville, while Hampton is near, and stating that it would be more convenient for each to attend court in Hampton. We point out the meager, almost absent, factual showing gleaned from the several affidavits:

Drs. C. Pulaski, Jr., and L. D. Rhodes, on the relevant issue merely state identically: "That he treated Heusie F. Arledge as a result of injuries he received on May 19, 1977, and will testify upon the trial of his case."

Jack Rushing and Virginia Rushing merely testify that each ". . . has observed the results of the injuries inflicted upon Heusie F. Arledge as a result of the automobile accident with a truck owned by Colonial Oil Industries, Inc., on May 19, 1977. Upon the trial of the case he [she] will testify in regard to his [her] observations of Mr. Arledge's disabilities and recovery following the accident." There is no indication of what these affiants observed.

Archie Toones, an auto body shop operator, averred: "That he made an estimate of damages in the amount of Eight Hundred Eighty-Three and 66/100 ($883.66) Dollars to the automobile of Heusie F. Arledge . . ." There is no indication he will present any other testimony.

A. E. Randelman, Chief of Police of Estill, averred: "On May 1, 1977, he investigated the collision between an auto driven by H. F. Arledge and a tractor-trailer owned by Colonial Oil Industries, Inc. It appeared that the vehicle driven by Mr. Arledge was stopped at the intersection of U. S. 321 and S-25-37 for a stop light when the tractor-trailer driven by Charles Ray Rowland while traveling in a northerly direction struck the rear of Mr. Arledge's auto. At the time the weather was clear and there were no obstructions such that Mr. Rowland could not see Mr. Arledge's auto." This is the only affidavit which even attempts to impart to the court any factual information, and most of it is obviously a conclusion, probably inadmissible.

The affidavit of Lee Brown states: ". . . that he was an eye-witness to an automobile accident which occurred on the 19th day of May, 1977, at the intersection of Highway No. 321 and Highway No. 3 in the Town of Estill, . . ." No facts are given relative to the nature of his testimony.

In response, the defendant has filed the affidavit of Charles R. Rowland, the driver of the vehicle involved. He averred that he was a participant in the accident and that he could testify to all relevant events occurring prior to, during and after the accident. He stated that it would be more convenient for him to have the case tried in Greenville which is ten miles from his home.

A legion of South Carolina cases have held that the right of a defendant to be sued in his home county is substantial. A legion of South Carolina cases have also held that the question of change of venue is for the discretion of the trial judge. By making the motion, the plaintiff assumes the burden of proof. He must make out a *prima facie* showing that both the convenience of witnesses and the ends of justice will be served. In *Garrett v. Packet Motor Exp. Co., Inc.,* 263 S. C. 463, 210 S. E. (2d) 912 (1975), this court discussed the requisites of the showing which should be made before a change of venue is ordered. While the decision is discretionary, it is incumbent upon the moving party to bring to the attention of the judge factual information sufficient to warrant the exercise of the discretion. The gravamen of *Garrett* is that the affidavits must contain the concrete facts about which the witnesses expect to testify. Generalities, conclusions and opinions are not sufficient. None of plaintiff's affidavits deal with the "ends of justice" issue. Confronted with a similar situation in *Garrett,* we said: ". . . that the trial court could have properly denied the motion upon the ground that there was no showing that the ends of justice would be promoted by the requested change."

The plaintiff has not carried the burden of proof and has failed to submit to the judge facts upon which he could exercise his discretion as to either of the two issues. Absent an

appropriate factual showing, the judge was left with little to do but count the witnesses on each side. He stated:

The Plaintiff has shown by competent evidence that the convenience of at least seven witnesses will be served by the trial of the case being had in Hampton County as opposed to Greenville County.

In a change-of-venue hearing, the burden is upon the moving party to make out a *prima facie* case on both statutory requirements. The burden of proof then shifts, but since a *prima facie* case was never made out, the burden was never shifted and the exercise of the judge's discretion was not warranted, and I would reverse.

NESS, J., concurs.