17521

J. H. BRYANT, as Administrator of the Estate of Joseph Noorthoek III, Respondent, v. AIKEN PETROLEUM COMPANY, a Corporation, Appellant

(108 S. E. (2d) 95)

*Coming B. Gibbs, Esq.*, of Charleston, *for appellant,*

*Messrs. J. D. Parler* and *N. H. Hamilton,* of St. George, *for respondent,*

April 7, 1959.

OXNER, Justice.

This is an appeal from an order of the Circuit Court refusing a motion by defendant for a change of venue from Dorchester to Charleston County, upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change." Code of 1952, Section 10-310(3).

The action is one to recover damages for the alleged wrongful death of Joseph Noorthoek III who died from injuries sustained in a collision between an automobile in which he was a passenger and a tractor-trailer owned and operated by the defendant Aiken Petroleum Company. The collision occurred at about 3:30 a. m. on December 9, 1955, on U. S. Highway No. 52 in the County of Charleston, South Carolina, at a point about one-half mile north of the city limits of Charleston.

Under the terms of Section 58-1470 of the 1952 Code, plaintiff had the right to bring the action in Dorchester County, since the defendant is a motor carrier operating in and through Dorchester County under a Class E Certificate issued by the South Carolina Public Service Commission.

The affidavits upon which the motion for change of venue was heard disclose the following facts:

The collision occurred at a point about four miles from the Charleston County Court House and approximately 45 miles from the Dorchester County Court House. The driver of the tractor-trailer resides in

Aiken County. There will be seven other witnesses for the defendant according to the affidavit of its counsel, all of whom are residents of Charleston County. Two of these were employed at a place of business near the scene of the accident, one of whom says that she witnessed the collision and the other stated that he immediately went to the scene, observed the positions of the vehicles and the conditions then existing. The other five witnesses of defendant appear to be members of the Charleston County Police Department who were called after the accident and made the customary official investigation. It is also asserted by defendant that on the trial of the case the jury should be permitted to visit the locale which cannot be conveniently done if the case is tried in Dorchester County.

The decedent was a resident of Michigan and at the time of the accident was in the Air Force and stationed in Charleston County. The action is brought for the benefit of his father and mother who are non-residents of this State. The plaintiff has two witnesses who were in the car with the decedent. One, the driver, is in the Air Force and now stationed in Colorado; the other is a student at Mars Hill College in North Carolina. The non-resident witnesses live about fifty miles nearer to the Dorchester County Court House than they do to that of Charleston County. Plaintiff's counsel say they will also offer as witnesses a civil engineer who made a plat and a photographer who took certain photographs of the locale, both of whom are residents of Dorchester County. All of the plaintiff's witnesses claim that it will be more convenient and less expensive for them to attend court in Dorchester County. The plaintiff himself is a resident of that county.

It is well settled that a motion of this kind is addressed to the discretion of the Judge who hears it, and his decision will not be disturbed by this Court except upon a clear showing of abuse of discretion amounting to manifest error of law. Among the more recent cases. to this effect are *McCauley v. McLeod,* 230 S. C. 380, 95

S. E. (2d) 611; *Herndon v. Huckabee Transport Corporation,* 231 S. C. 364, 98 S. E. (2d) 833; *Whitley v. Lineberger Bros.,* 233 S. C. 182, 104 S. E. (2d) 70. We cannot say on this record that the refusal of defendant's motion constitutes a manifest abuse of discretion.

Affirmed.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.