17648

Harry BRYAN, Respondent, v. Horris ROSS, Appellant
(114 S. E. (2d) 97)

*Messrs. Sinkler, Gibbs & Simons,* of Charleston, *for Appellant,*

*Messrs. Barnwell, Whaley, Stevenson & Patterson,* of Charleston, and *J. D. Parler,* of St. George, *for Respondent,*

April 27, 1960.

Moss, Justice.

This is an appeal from an order of the Circuit Court refusing a motion by the defendant for a change of venue from Dorchester County to Charleston County, upon the ground that "the convenience of witnesses and the ends of justice would be promoted by the change." Section 10-310 (3), 1952 Code of Laws of South Carolina.

This action was brought by the plaintiff, a resident of Charleston County, against the defendant, a resident of Dorchester County, to recover damages for personal injuries and property damage sustained as a result of a collision between the automobile driven by the plaintiff and one driven by the defendant, which collision occurred at the intersection of Meeting Street Road and Elgin Street, in Charleston County.

It is well settled that the moving party, in order to prevail, must make a *prima facie* showing that both the convenience of witnesses and the ends of justice would be promoted by the change. *Dison v. Wimbly,*

230 S. C. 187, 94 S. E. (2d) 877 and *King v. Moore*, 231 S. C. 421, 98 S. E. (2d) 849. It is equally well settled that a motion for a change of venue is addressed to the discretion of the Judge who hears it, and his decision will not be disturbed by this Court except upon a clear showing of abuse of discretion amounting to manifest error of law. *Bryant v. Aiken Petroleum Co.*, 234 S. C. 300, 108 S. E. (2d) 95, and *Whitley v. Lineberger Bros.*, 233 S. C. 182, 104 S. E. (2d) 70. The question presented, therefore, is whether the refusal of the motion of the defendant was manifestly erroneous.

The motion of the defendant for a change of venue was based upon eight affidavits. The affidavit of the defendant states that he "genuinely believes that the convenience of witnesses and the promotion of the ends of justice would best be served by having the venue changed so that the case would be tried in Charleston County." He also states that the accident was investigated by a policeman of Charleston County. He also says that his place of residence in Dorchester County is geographically just as close, if not closer, to the courthouse in Charleston County as it is to the Dorchester County courthouse. The affidavit of the wife of the defendant asserts that she was a passenger in the car driven by her husband and was an eyewitness to the collision. The other averments of her affidavit are in line with the statements contained in the affidavit of her husband.

There was also submitted the affidavits of two residents of Berkeley County, and each says that he is a resident of Moncks Corner, and was a witness to the accident here involved, and that he is informed and believes that he would be greatly inconvenienced and miss considerable time away from his work if he is required to attend the trial of this case in Dorchester County; however, if the case was tried in Charleston County, his presence in court could be obtained on relatively short notice, and he would miss a minimum amount of time away from his work.

The defendant also submitted the affidavits of three other eyewitnesses and an affidavit of another witness who did not actually see the accident but observed the vehicles immediately following the collision, and each of the affiants say that they would be inconvenienced by attending court in Dorchester County, but if they could attend court in Charleston County that there would be a minimum loss of time from work.

The plaintiff submitted four affidavits in opposition to the motion for a change of venue. The affidavit of the plaintiff asserts that he has been informed that the number of cases on the trial docket in Dorchester County is much less than the cases on the docket in Charleston County, and that this case would be reached for trial much sooner in Dorchester County than in Charleston County.

The affidavit of one of the attorneys for the plaintiff says that a physician who attended the plaintiff lives in the City of Walterboro, County of Colleton, and that it is much more convenient for this physician to testify in Dorchester County, which is nearer to Walterboro than Charleston County. This attorney also asserts that he has examined the trial roster of cases on the docket in both Dorchester and Charleston Counties and believes that the case could be reached for trial much sooner in Dorchester County than in Charleston County. This same affiant says that all of the witnesses contacted by him are perfectly willing and ready to go to Dorchester County for the trial of this case and would not be inconvenienced thereby. He also says that he is satisfied, in fact, that the convenience of witnesses would be better served by the trial of this case in Dorchester County rather than in Charleston County and that a speedier trial could be had.

The affidavit of the police officer who investigated the accident here involved says that he is a member of the Charleston County police force; that he inspected the automobiles involved in the accident and viewed the scene of the accident. He further says that it is convenient for him to attend Court

in Dorchester County and that it would impose no hardship or inconvenience on him to be called as a witness there. He further says that attending Court in Dorchester County would not interfere with his official duties because he would be· away from his duties approximately the same length of time.

The physician who examined and attended the plaintiff avers that he is a resident of Walterboro and that it would be more convenient for him to appear as a witness in Dorchester County rather than in Charleston County.

The record shows that the greater number of witnesses who may be called as such in this case reside in Charleston County. However, the record also reveals that there are witnesses who live in Berkeley County, one who lives in Dorchester County, and one who resides in Colleton County. The fact that the greater number of witnesses reside in Charleston County is not controlling. In the case of *McCauley v. McLeod,* 230 S. C. 380, 95 S. E. (2d) 611, 612, this Court said:

"In the instant case it is true that the greater number of witnesses reside in Sumter County but the hearing judge in the exercise of his discretion is not confined to the consideration of mere numbers alone and the record does not disclose an abuse of such discretion in refusing appellants' motion."

The defendant asserts that the venue in this case should be changed to Charleston County, thereby affording an opportunity for a jury of the vicinage to pass upon the credibility of the witnesses. We have repeatedly held that it is promotive of the ends of justice to have the credibility of witnesses passed upon by jurors of the "vicinage". *Patterson v. Charleston & W. C. R. Co.,* 190 S. C. 66, 1 S. E. (2d) 920; *Doss v. Douglass Construction Co.,* 232 S. C. 261, 101 S. E. (2d) 661; and *Graham v. Beverly,* S. C., 110 S. E. (2d) 923, 925. In the last cited case Mr. Justice Legge, speaking for this Court, said:

"* * * We note, in passing, that 'vicinage' as there used means the county in which the witnesses reside, whereas in the early days of the common law, when juries were actually witnesses who decided questions of fact upon the basis of their previous knowledge, the word meant 'the neighborhood' where the cause of action had arisen or the crime had been committed. 31 Am. Jur., Jury, Sections 5, 6. Sound as may be the view that the credibility of a witness is best judged, and his testimony therefore best evaluated, by a jury of his own county, its importance to the promotion of the 'ends of justice' must of necessity depend upon many collateral factors, e. g., the number of eligible jurors in the county, the diversity of their interests, and consequently the degree of knowledge or information that the members of the panel may likely have concerning the character of the witness,—the nature of the testimony to be expected from the witness, and its relation to the issue of liability. It is applicable no less to the witnesses of one party than to those of the other, and, like other factors bearing upon the issue under discussion, it is a matter addressed to the sound judicial discretion of the judge who hears the motion. It is not, in itself, a formula determinative of that issue."

We cannot say on this record that the Court below was guilty of an abuse of judicial discretion amounting to manifest error of law.

The order appealed from is affirmed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.