19791

Essie T. CANTEY, Respondent, v. Pauline COATES, Appellant
(203 S. E. (2d) 673)

*J. Reese Daniel, Esq.,* of Columbia, *for Appellant,*

*Walter W. Brooks, Esq.,* of Columbia, *for Respondent,*

March 19, 1974.

BUSSEY, Justice:

The instant appeal is from an order changing venue from Kershaw County, the residence of the defendant-appellant, to Richland County on the asserted ground that both the convenience of the witnesses and the ends of justice would be promoted by such change, in accordance with the provisions of Section 10-310(3) of the Code. The case arises out of an automobile collision which occurred in Richland County on the 6th day of March, 1972, in which plaintiff-respondent alleges she suffered property damage, mental anguish, bruises and contusions.

The principles of law which control the disposition of this appeal were recently, and concisely, set forth in *Mixson v. Agricultural Helicopters, Inc.*, 260 S. C. 532, 197 S. E. (2d) 663, in the following language:

"We have on numerous occasions pointed out that a movant under the above section has the burden of mak-

ing a *prima facie* showing that both the convenience of the witnesses and the ends of justice will be promoted by the change; and upon such showing, the burden shifts to the party resisting the motion to overcome it as to at least one of these requiremens. An application for a change of venue upon such grounds is addressed to the sound discretion of the judge who hears it, and his decision will not be disturbed except upon a clear showing of abuse of discretion amounting to a manifest error of law. *Miller v. Miller,* 248 S. C. 125, 149 S. E. (2d) 336; *Bouvy v. N. W. White & Company,* 254 S. C. 164, 174 S. E. (2d) 347.

"It is essential to the support of a motion for a change of venue, based upon the present grounds, to establish by competent evidence the existence of both conditions; and the movant cannot rely merely on the beliefs, opinions, and conclusions of the witnesses. *Sample v. Bedenbaugh,* 158 S. C. 496, 155 S. E. 838; *Adams v. Fripp,* 108 S. C. 234, 94 S. E. 109."

In the instant case the movant relied on three affidavits: one from a doctor, who presumably attended the plaintiff for her bruises and contusions; one from a 40 year old man; and one from a five year old child, each of whom deposed that he was a witness in this "action." Each affiant asserted that he was a resident of the County of Richland and his belief that the ends of justice would be met by trial of the action in Richland County. Just where in Richland County these affiants respectively reside is not disclosed by the respective affidavits and neither of them asserts any inconvenience resulting from attending a trial in Camden rather than in Columbia. For aught the record shows to the contrary, all affiants may well live as close to the Kershaw Courthouse as they do to the Richland Courthouse. None of the affidavits discloses either the nature or the materiality of the testimony of the respective affiants.

We think it manifest that the movant has failed to make a *prima facie* showing as to either of the requisite condi-

tions. There is no factual showing whatever that the convenience of the witnesses would be promoted by the change and the showing as to promotion of the ends of justice was nothing more than the mere beliefs, opinions, or conclusions of the persons alleging themselves to be witnesses.

The movant having failed to make the requisite, *prima facie* showing it follows that there was manifest error of law on the part of the lower court in granting the change of venue. The judgment below is, accordingly,

Reversed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.