20227

GUARDIAN FIDELITY CORPORATION, Respondent, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant

(225 S. E. (2d) 655)

*Jackson L. Barwick, Jr.,* and *Jean H. Toal,* of *Belser, Baker, Belser, Barwick & Toal,* Columbia, *for Appellant,*

*Messrs. B. D. Hayes* and *John C. Hayes, of Hayes, Brunson and Gatlin,* Rock Hill, *for Respondent,*

June 2, 1976.

*Per Curiam:*

This is an appeal from an order denying the motion of appellant for a change of venue from York to Richland County upon the ground that the convenience of the witnesses and the ends of justice would be promoted by the change. Section 10-310(3) of the Code.

This action was instituted to recover for damages by fire to real property situate in Richland County over which the respondent had a lien. The appellant asserted various defenses. The ultimate question is whether the trial court's ruling constituted an abuse of discretion.

The appellant argues that the order of the trial court amounted to an abuse of discretion in that the affidavits submitted by it made out a *prima facie* showing which was not rebutted: To determine whether the affidavits were sufficient we examine the six affidavits submitted by the appellant, all of which relate to "convenience of witnesses," and not a single one refers to the "ends of justice" being promoted by the change of venue.

There is no explanation in any affidavit to what the witness would testify. *Mixson v. Agricultural Helicopters, Inc.,* 260 S. C. 532, 197 S. E. (2d) 663 (1973). The trial court nor this Court can consider the convenience of witnesses when the materiality of their testimony is not shown. 92 C. J. S. Venue § 145d, page 863. A disclosure of their testimony must be shown. *Adams et al. v. Fripp et al.,* 108 S. C. 234, 94 S. E. 109 (1917); *Sample v. Bedenbaugh et al.,* 158 S. C. 496, 155 S. E. 828 (1930); *Cantey v. Coates,* 262 S. C. 259, 203 S. E. (2d) 673 (1974).

Appellant argues that several of the affiants are firemen and real estate appraisers and that these facts combined with the issues controverted by the plead-

ings indicate the materiality of their testimony. Appellant was the moving party and has the burden of proving the necessity for a change of venue by affidavit. The lower court cannot speculate on the materiality of the affiants' testimony.

It is apparent that the trial court could have properly denied the motion upon the ground that there was no showing that the ends of justice would be promoted by the change. *Cantey v. Coates, supra.*

We held in *Garrett v. Packet Motor Express Company, Inc.,* 263 S. C. 463, 210 S. E. (2d) 912 (1975) that, "[I]t is not only necessary that the convenience of witnesses be promoted but equally essential that the 'ends of justice' be promoted before the court is justified in granting the motion. The burden of proving both of these conditions is necessarily on the moving party." P. 467, 210 S. E. (2d) p. 913.

Affirmed.