20777

Henry DURANT, Respondent, v. BLACK RIVER ELECTRIC COOPERATIVE, INC., Appellant.

(248 S. E. (2d) 264)

*George C. James* and *John W. Chappell,* Sumter, *for appellant.*

*Jacob H. Jennings* and *George M. Stuckey, Jr.,* Bishopville, *for respondent.*

October 11, 1978.

NESS, Justice:

This appeal is from an order denying the motion of appellant Black River Electric Cooperative, Inc. for a change of venue. We affirm.

Respondent Durant was left paralyzed from the waist down following an accident in the spring of 1976 when the tractor he was operating struck a guidewire. Durant brought suit against appellant Black River on the theory of negligent and reckless maintenance of the guidewire and power pole.

Appellant moved to change venue from Lee County to Sumter County on the grounds of convenience of the witnesses and promotion of the ends of justice. Nineteen affidavits were submitted in support of Black River's motion, nine of which were by employees of appellant. All affidavits asserted the inconvenience to the affiants in traveling the approximately twenty-three miles to the courthouse in Bishopville.

Respondent presented four affidavits resisting the change of venue. All his affiants attested to the extreme difficulty in transporting respondent, a paraplegic, to the Sumter County Courthouse. While the Lee County rescue squad has agreed to transport respondent to the Bishopville Courthouse, it has not agreed to carry respondent to and from Sumter.

It is well settled that motions to change the venue of a trial are addressed to the sound discretion of the trial court. *Garrett v. Packet Motor Express Co., Inc.*, 263 S. C. 463, 210 S. E. (2d) 912 (1975); *Cavalier v. Corley*, 247 S. C. 509, 148 S. E. (2d) 372 (1966). This Court will not disturb the ruling of the trial court unless it appears that manifest legal error was committed. *Miller v. Miller*, 248 S. C. 125, 149 S. E. (2d) 336 (1966); *Taylor v. South Carolina Electric & Gas Co.*, 264 S. C. 118, 212 S. E. (2d) 713 (1975).

The moving party has the obligation of showing that *both* the convenience of witnesses and the ends of justice will be promoted by changing the venue. *Simmons v. Cohen,* 227 S. C. 606, 88 S. E. (2d) 679 (1955) ; *Mixson v. Agricultural Helicopters, Inc.,* 260 S. C. 532, 197 S. E. (2d) 663 (1973).

Assuming, without deciding, that appellant Black River met its burden in establishing that the convenience of the witnesses would be served by a change of venue, we do not believe it made a *prima facie* showing that the ends of justice would be promoted by the transfer. Accordingly, we conclude the trial court acted within its discretion in refusing appellants motion for a change of venue.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.