21572

Nancy G. TURNER, Respondent, v. SANTEE CEMENT CARRIERS, INC., Appellant.

(282 S. E. (2d) 858)

---

92

*Grimball, Cabaniss, Vaughan & Guerard,* Charleston, *for appellant.*

*Auburn J. Bridge,* Walterboro and *Randolph Murdaugh, III,* Hampton, *for respondent.*

September 28, 1981.

GREGORY, Justice:

Santee Cement Carriers, Inc. (Santee Cement), appeals from an order denying change of venue from Hampton County to Colleton County in a personal injury case. We reverse.

Respondent Nancy G. Turner was injured when a truck owned by Santee Cement and driven by its agent collided with her automobile on South Carolina Highway 64 near Walterboro in Colleton County. At the time of the accident Mrs. Turner lived in the immediate vicinity of the accident. She has since moved to Columbia.

Mrs. Turner was hospitalized in Colleton and Charleston Counties and was treated by physicians in Walterboro and Charleston.

Two summons and complaints have been filed in this action. The first complaint was filed in Colleton County. There the trial judge granted Mrs. Turner a voluntary nonsuit without prejudice. At that time neither party had any witnesses who resided in Hampton County.

Following the nonsuit Mrs. Turner's attorney, a member of the Colleton County Bar, associated a Hampton County law firm. A Hampton County physician examined Mrs. Turner for purposes of trial testimony. The second complaint, which is the subject of this appeal, was then filed in Hampton County.

Pursuant to Section 15-7-100(3), Code of Laws of South Carolina (1976), Santee Cement moved to change the venue from Hampton County to Colleton County on the grounds the convenience of witnesses and the ends of justice would be promoted by the change.

At the hearing, Santee Cement presented eleven affidavits. Santee Cement proposes to call one witness who lives in

Brooklyn, New York; one from Smoaks; four from Holly Hill; two from Charleston; and two from Walterboro. Following the presentation of affidavits and testimony, the trial judge denied the motion.

A motion for change of venue is addressed to the sound discretion of the trial judge, whose ruling will not be disturbed unless it appears that manifest legal error was committed. *Durant v. Black River Electric Cooperative, Inc.,* 271 S. C. 466, 248 S. E. (2d) 264 (1978); *Miller v. Miller,* 248 S. C. 125, 149 S. E. (2d) 336 (1966). The burden of proof is on the moving party, who must show both the convenience of witnesses and the ends of justice would be promoted by the change of venue. *Guardian Fid. Corp. v. U. S. Fid. and Guar. Co.,* 266 S. C. 595, 225 S. E. (2d) 655 (1976).

The standard in determining the convenience portion of the test has been set forth in *Reynolds v. Atlantic Coast Line R. Co., et al.,* 217 S. C. 16, 21, 59 S. E. (2d) 344 (1950):

"It is not a question of how much their convenience would be promoted thereby, but whether it would be so promoted. There is no witness or party residing in Darlington County, whose convenience, according to this record, would be promoted by trial of the case at Darlington, or who would be inconvenienced by its trial at Florence."

In the case at bar, there is only one witness residing in Hampton County whose convenience would be served by trial of the case at Hampton. That witness is a physician who saw Mrs. Turner only once. At her deposition, Mrs. Turner said she went to see that particular doctor because he would be close to the trial at Hampton.

The only other persons who claim they would be inconvenienced if the trial is held in Colleton rather than Hampton are Mrs. Turner and her sister, both of whom live in Columbia. However, the sister will not be a witness and consequently her affidavit has no value in the determination of this issue. *Guardian Fid. Corp. v. U. S. Fid. and Guar. Co., supra.*

Mrs. Turner's affidavit that travel on State Highway 321 winding through numerous towns and communities would

involve fewer stops than travel on the interstate highway flies in the face of reality as well as her own statement under oath at her deposition. There Mrs. Turner admitted it is more convenient to travel by interstate from Columbia to Walterboro than to travel on the state highway from Columbia to Hampton.

Except for these three affiants, none of the others presented by Mrs. Turner contends the witnesses would be inconvenienced by a trial in Colleton County.

In contrast, all of Santee Cement's affiants contend they would be inconvenienced by a trial in Hampton County. Santee Cement clearly meets the convenience portion of the test. The question becomes whether the ends of justice would be promoted by a transfer to Colleton County.

It has long been established that the ends of justice are served by having the credibility of the witnesses passed upon by jurors of the vicinage, *Utsey v. Charleston S. & N. R. Co.,* 38 S. C. 399, 17 S. E. 141 (1893), the county where the witnesses reside. *Bryan v. Ross,* 236 S. C. 299, 304, 114 S. E. (2d) (1960). In determining the importance of having a jury of the vicinage hear the case, collateral factors must be considered: the number of eligible jurors in the county, the diversity of their interests and consequently the degree of knowledge or information members of the panel may likely have concerning the character of the witnesses. This rule applies equally to both parties. *Id.*

Colleton County is a thinly populated rural county. The jurors from that county would ordinarily have greater knowledge about the witnesses from Colleton County and their testimony concerning the accident that occurred in Colleton County than would a Hampton County jury. Furthermore, most of the crucial witnesses who will testify as to liability are either from Colleton County or live closer to Walterboro than to Hampton. This applies equally to witnesses for both parties.

Considering these factors, allowing a jury from Colleton County to hear the case would promote the ends of justice.

Since both the convenience of witnesses and the ends of justice would be promoted by changing the venue, we hold the trial judge abused his discretion by denying appellant's motion for change of venue in this case from Hampton to Colleton County. We therefore reverse his order and remand the case with instructions to enter an order granting the motion.

Respondent Turner did not file a brief with this Court.[1] Her failure to do so allows this Court to take such action upon the appeal as it deems proper. This failure alone would justify reversal; however, we simply consider it as an additional ground.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN and HARWELL, JJ., concur.

NESS, J., dissents.

NESS, Justice (dissenting):

I dissent. The appellant, Santee Cement, has made no showing of a manifest error of law by the trial court in denying the motion for change of venue as is required for reversal by this Court. *Durant v. Black River Electric Cooperative, Inc.,* 271 S. C. 466, 248 S. E. (2d) 264 (1978).

The burden of proving the convenience of witnesses and the ends of justice would be met by changing venue in this case is upon the appellant. *Guardian Fidelity Corp. v. U. S. Fidelity & Guaranty Co.,* 266 S. C. 595, 225 S. E. (2d) 655 (1976). The trial court held appellant failed to meet this burden.

The majority's conclusion that respondent "has failed to slow why venue should not be changed" is directly opposite of the requisite standard and thus may not be considered in the determination of this appeal.

I would hold the decision was discretionary with the trial judge and affirm.

Affirmed.

---

[1] See Rules 8(9) and 29 of the Rules of Practice of the Supreme Court of South Carolina.