0983

HOLLY HILL FOREST INDUSTRIES, INC., Respondent v. CAPE RO-MAIN CONTRACTORS, INC., Appellant.

(357 S. E. (2d) 725)

Court of Appeals

CURETON, J., concurred in result only.

*J. Lawrence Duffy, Jr.,* of *Morrison & Duffy, P.A.,* and *Wm. Howell Morrison,* of *Holmes & Thomson,* Charleston, *for appellant.*

*Fred R. Fanning,* of *Bryant, Fanning & Yarborough,* Orangeburg, *for respondent.*

Submitted April 15, 1987.

Decided June 22, 1987.

GARDNER, Judge:

Holly Hill Forest Industries, Inc., (Holly Hill) instituted this action in Beaufort County for the foreclosure of a mechanic's lien on property situate in Beaufort County. Cape Romain Contractors, Inc., (Cape Romain) by its answer denied the debt and counterclaimed for a breach of contract and fraudulent misrepresentation. Cape Romain moved for a change of venue to Charleston County under Sections 15-7-30[1] and 15-7-100,[2] Code of Laws of South Carolina (1976), on the grounds of convenience of witnesses and that the ends of justice would be promoted by the change. In the appealed order the trial judge held "it appears to me from the pleadings and briefs filed by the parties that the action must remain in Beaufort County." The order then held that under Section 15-7-10, Code of Laws of South Carolina (1976), as amended, actions affecting real property must be

---

[1] This section provides in pertinent part that a defendant must be sued in the county of his residence.

[2] This section provides that the court may change venue for certain reasons, including "when the convenience of witnesses and the ends of justice would be promoted by the change."

tried in the county where the lands are situate. Cape Romain appeals; we affirm.

On appeal Cape Romain argues that the trial court erred in failing to consider that portion of Section 15-7-10 which subordinates the statute to Section 15-7-100. We disagree. Cape Romain on appeal took no exception relating to Section 15-7-30. In denying Cape Romain's motion, which was made under Section 15-7-100 on the grounds that venue should be changed to Charleston County because of the convenience of witnesses and that the change would meet the ends of justice, the appealed order implicitly held that statute was inapplicable to the present case. We agree with the trial judge that the affidavits submitted in support of Cape Romain's motion are not sufficient to warrant a change of venue.

The affidavits submitted by Cape Romain in support of the change of venue assert in relevant part (1) Cape Romain's President's physical condition made it difficult for him to travel to Beaufort, (2) numerous aspects of Cape Romain's business originated in Charleston County and (3) one of Holly Hill's principal stockholders resided in Charleston County. Affidavits also asserted that a bond, which had been substituted for the lien on the property against which the mechanic's lien was filed, could be transferred to Charleston County. The affidavits do not state what the particular witnesses named would testify to or that their testimony was material to Cape Romain's case. Absent an explanation of the materiality of the testimony of the witnesses on whose behalf a change of venue is requested, neither the trial court nor this court can consider their convenience in disposing of the request. *Guardian Fidelity Corp. v. United States Fidelity & Guar. Co.*, 266 S. C. 595, 225 S. E. (2d) 655 (1976).

For the reasons stated, the appealed order is affirmed.

Affirmed.

SHAW, J., concurs.

CURETON, J., concurs in result only.