610 S.E.2d 858

**Steele ROBINSON, Respondent,**

v.

**George HASSIOTIS, Appellant.**

**No. 3962.**

Court of Appeals of South Carolina.

Submitted Feb. 1, 2005.

Decided March 14, 2005.

George Hassiotis, of Taylors, pro se Appellant.

Steele Robinson, of Greenville, pro se Respondent.

GOOLSBY, J.:

George Hassiotis appeals the entry of a default judgment. We reverse.[1]

The magistrate's court entered a default judgment against Hassiotis because Hassiotis failed to appear at the time set for his trial. Hassiotis appealed to the circuit court. He argued the "Instructions to Defendant" form that he received from the magistrate's court indicated he would receive notice of trial after he filed an answer. He alleged he filed an answer and awaited notice of his trial date, but never received notice. The circuit court remanded the case to the magistrate's court for a decision on the issue of notice. The magistrate found Hassiotis received proper notice because the magistrate's constable personally ·advised Hassiotis of the trial date. The circuit court affirmed. Hassiotis appeals.

Hassiotis argues the magistrate's court erred in finding he was properly notified of his trial date. He contends that the South Carolina Rules of the Magistrate's Court require written notice of trial and provide that notice will be delivered after a defendant answers the complaint. We agree.[2]

Rule 9(a), SCRMC, provides "[u]pon the filing of an answer by the defendant, the magistrate shall set the date of trial and serve notice of the same on both parties in a manner provided for in Rule 6." Rule 6(b) SCRMC, requires service to be made "by personal service, or service by publication in a manner provided for in Title 15 of the South Carolina Code of Laws, or by mail . . . ." A suggested form for providing written notice of trial is included in Rule 19, SCRMC.

In this case, Hassiotis received oral notice concerning his trial date prior to the time that he filed his answer. But oral notice is not sufficient under the Magistrate's Court Rules.

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

2. Steele Robinson has not filed a Respondents' Brief. The South Carolina Appellate Court Rules provide that "[u]pon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper." Rule 208(a)(4), SCACR. Such action may include reversal. *Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 282 S.E.2d 858 (1981).

94

The rules contemplate *written* notice of trial and contemplate delivery of the notice *after* the filing of the answer.

**REVERSED AND REMANDED.**

HUFF and STILWELL, JJ., concur.