THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Ethel Grant and Betty Grant Williams, Respondents,
 v.
 Oliver Seabrook, Sr.; Josephine Seabrook; Oliver Seabrook, Jr.; Harriett Seabrook; and Celia Seabrook, if living, and if deceased, their heirs at law, next of kin and distributees; also and all persons claiming under or through them; also the heirs at law, next of kin and distributees of Angenell Moultrie, and any and all persons unknown, claiming any right, title, estate or interest in or lien upon the real property described in the complaint therein, being designated as John Doe and Richard Roe, including any heirs, distributees, or any unknown defendants who may now be deceased, and including all minors, persons in the Armed Forces, persons non compos mentos, and all other persons under any disability who might have, or claim to have, any right, title or interest in or lien upon the real property described in the complaint designated as class Mary Roe, Defendants,
 of whom the heirs of Oliver Seabrook, Sr., are, Appellants.
 
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Special Circuit Judge

Unpublished Opinion No. 2007-UP-126
Submitted March 1, 2007  Filed March 21, 2007

AFFIRMED

 
 
 
 George H. OKelley, Jr., of Beaufort,  for Appellants.
 Horace Anderson Jones, Jr., of Rock Hill, for Respondents.
 
 
 

PER CURIAM:  This is an action in equity to quiet and confirm title[1] in the respondents Ethel Grant[2] and Betty Grant Williams to three parcels of land in Beaufort County and for a partition of that land (hereafter subject property).  The heirs of Oliver Seabrook, Sr., appeal.  They contend the trial judge erroneously found a 1974 action to clear title voided a prior 1974 deed into Oliver Seabrook.  The respondents filed no brief.[3]  We affirm.[4]
March Seabrook, Jr., and his second wife had one child, Janie Bolden Seabrook Ackerman.  He and his first wife, however, had seven children, among them being Oliver Seabrook, Ethel Seabrook Grant, and Florence Seabrook Shadrick.[5]  By a deed dated August 13, 1974, and recorded on August 26, 1974, Ethel Seabrook Grant and Florence Seabrook Shadrick conveyed their interest in the subject property to their brother, Oliver Seabrook, for a nominal consideration.
Some months later, the circuit court entered an order in an action brought by Janie Bolden Seabrook Ackerman against the heirs and distributees of March Seabrook.[6]  This order, which is dated December 18, 1974, partitioned certain property, which the trial judges order describes as property of the heirs of March Seabrook, between and among Janie Bolden Seabrook Ackerman and March Seabrooks other heirs, with each receiving separate tracts.  The order, which no one apparently appealed, found title to the property at issue in the Ackerman action was vested in the following individuals: Florence Shadrick, Ethel Grant, Oliver Seabrook, and the children of Cecelia Seabrook Moultrie, James Moultrie, Angenell Moultrie, Sara Moultrie, and Martha Moultrie.  Nowhere in the order is there any mention of a deed by which Oliver Seabrooks sisters conveyed to him their interests in the subject property.
Here, the trial judge viewed the principal issue before him to be the effect of the judgment in the Ackerman action, a judgment filed after the date of the quit claim deed by which Florence Shadrick and Ethel Grant conveyed their interests in the subject property to their brother.  The two sisters would have no interest in the subject property if the judgment entered in the Ackerman case did not void Oliver Seabrooks previously recorded deed; however, the trial judge viewed the judgment, and not the deed, as controlling.
The trial judge reached this conclusion because he was not able to reconstruct the events surrounding the family members actions from 1974 and because the judgment entered in the Ackerman case bound all parties and settled their interests in the subject property.[7]
The Seabrook heirs make no contention that the judgment rendered in the 1974 quiet title action is not regular on its face.  Rather, they contend that judgment did not void the earlier deed that conveyed to Seabrook the interests of his two sisters because the court lacked jurisdiction over one of the parties, namely, Oliver Seabrook.[8]
When a court of competent jurisdiction renders a judgment, as did the one here, that appears regular on its face, there is a presumption that the court has jurisdiction of both the subject matter of the action and of the parties and that the court acquired its jurisdiction regularly and exercised its jurisdiction lawfully.[9]  The presumptions in favor of the regularity and validity of a judgment become stronger with the lapse of years.[10]  These presumptions apply whenever a judgment is involved in the trial of another case.[11]  To overcome these presumptions, the party who attacks the judgment must offer affirmative proof to the contrary;[12] and this proof must establish the invalidity of the judgment by competent and convincing proof.[13]
Here, more than thirty-two years have come and gone since the court entered the judgment at issue in the 1974 quiet title action.[14]  Although the Seabrook heirs argue that there is no evidence that Oliver Seabrook was actually served in the 1974 quiet title action, they put forward no evidence that he was not so served, either personally or by publication.  They simply point to the transcript of testimony that does not show Seabrook in attendance at the 197[4] hearing[] and that shows nothing being said about the quit claim deed by either of the two sisters who did attend the hearing and who both testified.
But whether Seabrook actually attended the hearing or not (as opposed to his testifying) is a matter we can only guess at, as is the matter concerning why the two sisters did not testify about the quit claim deed they had executed months before.  Regarding whether Seabrook was personally served with the summons and complaint in the quiet title action, even the Seabrook heirs acknowledge in their brief that [i]t is not clear if [he] was personally served.  Suffice it to say, they did not carry their burden of proving the court, in 1974, lacked jurisdiction of both the subject matter and of the parties; therefore, the 1974 judgment, and not the 1974 deed, controls.
AFFIRMED.
HEARN, C.J., and GOOLSBY and STILWELL, JJ., concur.

[1]  Bryan v. Freeman, 253 S.C. 50, 52, 168 S.E.2d 793, 793 (1969).
[2]  Ethel Grant is now deceased, having died in 2004.
[3]  Their failure to file a brief allows us, if we want, to reverse the judgment below.  See Rule 208(a)(4), SCACR; Turner v. Santee Cement Carriers, Inc., 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981); Robinson v. Hassiotis, 364 S.C. 92, 93 n.2, 610 S.E.2d 858, 859 n.2 (Ct. App. 2005).
[4]  We decide this case without oral argument pursuant to Rule 215, SCACR.
[5]  Oliver Seabrook and Florence Shadrick are also deceased, having died in 1981 and 1998, respectively.
[6]  The transcript in that case shows Florence Shadrick and Ethel Grant participated in the hearings.  Although named as a party to that action, the record before us does not show whether Oliver Seabrook participated.  It also does not show whether he was served.
[7]  The trial judge also pointed to another action also filed by Ackerman.  That action, which Ackerman commenced in 1989 against H.B. Attaway, Jr., and Dorothy L. Attaway, alleged Ackerman and the heirs of March Seabrook, Sr., had an interest in property claimed by the Attaways.  A consent order, dated December 21, 1990, ended the action and expressly recognized that Ethel Grant, Florence Seabrook, and Oliver Seabrook each held an interest in the Attaway property.  Like the other action brought by Ackerman, there was no mention of a deed to Oliver Seabrook from his sisters.  Moreover, the courts order sets out the heirs respective interests in that action, as the trial judge in this case observed, as if no such deed was ever executed.  Larry Seabrook, Oliver Seabrooks son, testified, however, that his father died in 1981.  He also denied ever being served in the second Ackerman action.  The file therein contained the final order and an affidavit of publication, but no order of publication; who was served with what and how cannot now be determined.  The trial judge, however, found he did not need to resolve the factual dispute regarding whether Larry Seabrook was ever served in the second Ackerman action because he found Oliver Seabrook and his heirs were bound by the judgment in the first action and without reference to the deed.
[8]  See Turner v. Malone, 24 S.C. 398, 401-02 (1885) ([J]udicial proceedings are void, when the court, in which they are taken, is acting without jurisdiction . . . . If the jurisdictional defect appears in the record itself . . . the judgment may be disregarded as a nullity whenever and wherever it is encountered, in any proceeding direct or collateral . . . .).
[9]  Gregoire v. Byrd, 338 S.C. 489, 494, 527 S.E.2d 361, 364 (Ct. App. 2000); 46 Am. Jur. 2d Judgments § 34, at 408 (2006); 50 C.J.S. Judgments § 520, at 73 (1997).
[10]  46 Am. Jur. 2d Judgments § 32, at 407.
[11]  Id.
[12]  Id. § 33, at 408.
[13]  50 C.J.S. Judgments § 520, at 73.
[14]  The caption in that action, as revealed by the transcript of the testimony, includes Oliver Seabrook.