THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.

 
 
 
 THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 Creative
 Communication Services, Inc., Appellant,
 
 
 

v.

 
 
 
 Travelers Property
 and Casualty Company of America and PAD Able, Inc. d/b/a Harold R. Beard
 Agency, Defendants, 
 Of Whom PAD
 Able, Inc. d/b/a Harold R. Beard Agency is the Respondent.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No.  2011-UP-525  
 Heard September 14, 2011  Filed December
5, 2011

REVERSED AND REMANDED

 
 
 
 Richard C. Detwiler and Ian D. McVey, both
 of Columbia, for Appellant.
 
 
 

PER CURIAM:  Creative
 Communication Services (CCS) appeals the amount of damages the trial court
 awarded on its claim for negligent misrepresentation against PAD Able, Inc. d/b/a Harold R. Beard Agency (PAD
 Able).  It argues the trial court erred
 in applying the doctrine of mitigation of damages in favor of a defaulting
 defendant.  CCS asserts the doctrine is an affirmative defense, which must be
 pleaded.
Although Rule 8(c) of the
 South Carolina Rules of Civil Procedure does not specifically list mitigation
 of damages as an affirmative defense, it requires the defendant to affirmatively
 set forth in addition to the listed defenses "any other matter
 constituting an avoidance or affirmative defense."  
Under our former code
 pleading, the South Carolina Supreme Court recognized mitigation of damages
 must be pleaded and proved by the party asserting it.  White v. Metcalf,
 174 S.C. 350, 356, 177 S.E. 371, 374 (1934).  More recently, our courts have
 recognized the burden of proof lies on the party asserting mitigation.  See Sloan Constr. Co. v. Southco Grassing, Inc., Op. No. 27061 (S.C. Sup.
 Ct. filed Oct. 31, 2011) (Shearouse Adv. Sh. No. 38 at 32, 40) ("The
 defendant has the burden of establishing the plaintiff's lack of due diligence
 in mitigating damages."); Moore v. Moore, 360 S.C. 241, 262, 599
 S.E.2d 467, 478 (Ct. App. 2004) (stating the party who claims damages should
 have been minimized has the burden of proving they could reasonably have been
 avoided or reduced); cf. Youmans v. S.C. Dep't of Transp., 380
 S.C. 263, 281-82, 670 S.E.2d 1, 10 (Ct. App. 2008) (stating defendant asserting
 an affirmative defense bears the burden of its proof).  Generally, the failure
 to plead an affirmative defense constitutes a waiver of that defense.  Earthscapes
 Unlimited, Inc. v. Ulbrich, 390 S.C. 609, 615, 703 S.E.2d 221, 224 (2010). 
 A party cannot benefit from an affirmative defense that was never pleaded.  Id. at 616, 703 S.E.2d at 225.
We find the trial court erred
 in applying the doctrine of mitigation of damages sue sponte.  Accordingly, the
 matter is remanded to the trial court for a recalculation of damages.[1]  
REVERSED AND
 REMANDED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.  

[1] We further note PAD Able failed to file a
 Respondent's Brief with this court.  Rule
 208(a)(4), SCACR, provides in part: "Upon the failure of respondent to
 timely file a brief, the appellate court may take such action as it deems
 proper."  Such action may include reversal.  Turner v. Santee Cement
 Carriers, Inc., 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981); Robinson v.
 Hassiotis, 364 S.C. 92, 93 n.2, 610 S.E.2d 858, 859 n.2 (Ct. App. 2005); see
 also Wierszewski v. Tokarick, 308 S.C. 441, 444 n.2, 418 S.E.2d 557,
 559 n.2 (Ct. App. 1992) (stating where respondent failed to file a brief,
 "it [was] proper to reverse on the points presented rather than to search
 the record for reasons to affirm").