**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Communication Concepts, Inc., Appellant,

v.

Controls for Automation, Inc. and Digital Management Solutions, Inc., Respondents.

Appellate Case No. 2017-002487

———————

Appeal From Greenville County
Roger L. Couch, Circuit Court Judge

———————

Unpublished Opinion No. 2020-UP-280
Submitted September 1, 2020 – Filed October 7, 2020

———————

**REVERSED**

———————

Burl F. Williams, of Burl F. Williams, P.A., and Konstantine Peter Diamaduros, both of Greenville, for Appellant.

———————

**PER CURIAM:**  Communication Concepts Incorporated (CCI) appeals the order of the Greenville County Circuit Court granting a motion to enforce a settlement agreement with Controls for Automation (CFA) and Digital Management Solutions (DMS) and requiring CCI to purchase additional trailer(s) from DMS.  On April

24, 2017, after the order at issue was appealed, the circuit court held a hearing on the damages owed to CFA by DMS. By this time, DMS had "shuttered its doors." The court awarded CFA damages of $138,585.16.

We reverse based on the respondents' failures to file briefs. *See* Rule 208(a)(4), SCACR ("Upon the failure of respondent to timely file a brief, the appellate court may take such action as it deems proper."); *Turner v. Santee Cement Carriers, Inc.*, 277 S.C. 91, 96, 282 S.E.2d 858, 860 (1981) (finding a respondent's failure to file a brief "allows this [c]ourt to take such action upon the appeal as it deems proper. This failure alone would justify reversal . . . .").

**REVERSED.**[1]

**THOMAS, HILL, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.